ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| PEDRO JOSÉ SANTIAGO RODRÍGUEZ, YASMÍN ROSALINA SOTO TORRES Y OTROS RECURRIDO<br><br>v.<br><br>HÉCTOR ANTONIO VÉLEZ CORTÉS, BLANCA VANESSA ÁLVAREZ RIVERA Y OTROS PETICIONARIO | TA2026CE00730 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm: PO2025CV03169<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar Y Permanente) Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de junio de 2026.

Comparecen ante esta Curia, el señor Héctor Antonio Vélez Cortés, la señora Blanca Vanessa Álvarez Rivera y la sociedad de gananciales que ambos componen (Demandados o Peticionarios), mediante la presente *Petición de Certiorari,* acompañada de una *Moción en Auxilio de Jurisdicción.* Solicitan la paralización de la continuación del juicio en su fondo sobre interdicto permanente, señalada para el 12 de junio de 2026, y que revoquemos la *Minuta-Resolución* que el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario) notificó, el 29 de mayo de 2026. Lo antes, a los efectos de ordenar a la Asociación de Residentes de Mansión Real (Asociación) citar a todas las personas que han presidido la Asociación desde su comienzo.

Por los fundamentos que expondremos a continuación, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *Certiorari.* Veamos.

**I.**

La causa de epígrafe inició, el 5 de noviembre de 2025, con la presentación de una *Demanda* sobre entredicho provisional, *injunction* preliminar y permanente y sentencia declaratoria que incoaron el señor Pedro José Santiago Rodríguez, la señora Yasmín Rosalina Soto Torres y la sociedad legal de gananciales compuesta por ambos (Recurridos), en contra de los Demandados aquí peticionarios. Alegaron, entre otros, que los Demandados están construyendo un segundo nivel en su residencia, a sabiendas de que violenta las *Condiciones Restrictivas Sobre Uso y Construcción, y Declaración de Derechos* que grava su propiedad. A esos efectos, solicitaron al TPI que dicte un entredicho provisional ordenándoles cesar y desistir inmediatamente de la referida construcción.

En reacción, el TPI denegó el entredicho provisional y señaló para el 16 de diciembre de 2025 la vista para dilucidar la procedencia de un entredicho preliminar. Pendiente lo anterior, la Asociación instó una *Demanda de Intervención*, al amparo de la Regla 21.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1, intervención que el TPI autorizó. Por su parte, los Demandados contestaron ambas demandas e instaron una reconvención en contra de la Asociación. En síntesis, arguyeron que, las condiciones restrictivas que la Asociación estableció mediante la Escritura Núm. 72, se extinguieron por desuso, tras un presunto largo historial de la Asociación no exigir su eficacia y efectividad.

Llegado el día de la vista de interdicto preliminar, el TPI notificó una *Sentencia Parcial,* el 18 de diciembre de 2025, en la cual consignó que, los Demandados se allanaron a paralizar temporeramente las obras de construcción hasta tanto se celebre la vista de interdicto permanente, pautada para comenzar el 15 de enero de 2026.

Durante ese primer señalamiento, por la parte demandante declararon los propios Recurridos y el señor Guelmis G. Colón Marrero, en calidad de perito. Como prueba documental de los

Recurridos, sin la objeción de los Peticionarios, quedaron admitidos diez *Exhibits,* a saber: el *Curriculum Vitae* del señor Guelmis G. Colón Marrero, el Informe de Agrimensura, dos folios del Registro de la Propiedad y siete fotografías.

Además, ese mismo día, la Asociación comenzó con el directo de la señora Helga Iris Rodríguez Rodríguez (Sra. Rodríguez), en calidad de Presidenta de la Junta de Directores de la Asociación. Como prueba documental, la Asociación presentó cuatro *Exhibits,* en particular: Minuta de la Junta de Directores de la Asociación de Residentes de Mansión Real, Inc. del 15 de octubre de 2025; Copia de mensajes de texto entre la Sra. Rodríguez Rodríguez y la Sra. Álvarez Rivera del 4 de noviembre de 2025; Minuta de la Reunión Extraordinaria de la Asociación de Residentes de Mansión Real, Inc. del 27 de octubre de 2025; y *Carta de Cese y Desista* entregada a Héctor Vélez Cortés y Vanessa Álvarez Rivera el 4 de noviembre de 2025. También quedaron admitidos como *Exhibits* estipulados: la Escritura Núm. 72 y la Certificación Registral de la finca número 60,509 del 26 de noviembre de 2025.

Durante la continuación del juicio en su fondo, celebrada el 14 de abril de 2026, la Asociación finalizó el interrogatorio directo de la Sra. Rodríguez, seguido del contrainterrogatorio de los Peticionarios y del re-directo, luego de lo cual, su testimonio culminó y la testigo quedó excusada por el TPI. Además, la Asociación sentó a declarar a la señora Olga Ruberté Huertas y a la señora Jazmín Santos Varela. Con ello, dieron por sometida su prueba. Surge de la minuta que, el TPI ordenó marcar los siguientes documentos durante el interrogatorio de la Asociación: Copia de mensajes de texto (4 nov 2025) de chat de la Junta entre la señora Rodríguez Rodríguez y la señora Álvarez Rivera; Comunicación del 11 de noviembre de 2025 de la Sra. Helga I. Rodríguez dirigida a la Sra. Blanca V. Álvarez Rivera; Correo electrónico a Titulares del 16 de octubre de 2025; y Comunicación del 30 de octubre de 2025 de Olga Ruberté Huertas.

En igual fecha, los Peticionarios comenzaron el interrogatorio directo de su perito, el Ing. Victorio Martínez Merced y quedó admitida la siguiente prueba documental: Informe Pericial del Ing. Victorio Martínez Merced y dos fotografías. El 15 de abril de 2026, finalizó el testimonio del Ing. Martínez Merced y comenzó el directo del Arq. Luis Ayala Rubio, como segundo perito de los Demandados. Además de admitir otras fotografías, quedó admitida la *Tabla de Análisis de Propiedades Remodeladas.* Durante los señalamientos del 21 y 27 de mayo de 2026, continuó y culminó el testimonio del Arq. Ayala Rubio, y quedaron admitidos como *Exhibits* el *Análisis de Propiedades* de la Urbanización Mansión Real y el *Memorando* del 8 de diciembre de 2025.

Ahora bien, cabe puntualizar que, en la vista del 27 de mayo de 2026, se llamó nuevamente como testigo a la Sra. Rodríguez, esta vez por los Peticionarios, y se suscitó una controversia relacionada a su testimonio. Según los Demandados, los Recurridos conocían de su interés por obtener la historia de más de veinte años de la Asociación, en especial, de las condiciones restrictivas, sin que la prueba estuviese limitada a los dos años que la Sra. Rodríguez ha fungido en tal cargo. A lo antes, los Recurridos replicaron que los Demandados realizaron un vasto y extenso descubrimiento de prueba, producto del cual, conocían que las respuestas al descubrimiento de prueba fueron suscritas por la Sra. Rodríguez, sin que los Demandados requirieran otra comparecencia de la Asociación y sin haber realizado citaciones adicionales.

Escuchados los argumentos de las partes sobre la referida controversia evidenciaria, el TPI denegó el petitorio. A solicitud de los Demandados, y con el propósito de acudir en alzada ante esta Curia, el foro primario convirtió la minuta de la vista en una *Minuta–Resolución*, en la cual hizo constar lo siguiente:

> Luego de las amplias exposiciones de los abogados, el Tribunal entiende que la señora Rodríguez es la persona que la Asociación identificó para que compareciera en representación de esta. La parte demandada conocía ese hecho desde que se contestó el descubrimiento de

prueba y de que su testimonio se limitaría a los años en que fungió como Presidenta. Opina el Tribunal que si la parte demandada entendía que ese testimonio no era suficiente debió anticiparlo para citar a los pasados Presidentes, no esperar al Juicio para solicitarlo cuando, máxime, era un asunto que conocían desde que se contestó el descubrimiento de prueba. Si la parte demandada no estaba satisfecha, previamente debió indicarlo.[1]

Ante su inconformidad, los Demandados instan el recurso de epígrafe junto a su solicitud en auxilio de jurisdicción. Imploran la paralización de la continuación del juicio en su fondo, pautada para el próximo viernes, 12 de junio de 2026, y que ordenemos a la Asociación producir un representante que tenga conocimiento de sus operaciones a lo largo de los años desde su establecimiento. En su recurso, imputan al TPI la comisión de un error, a saber:

> Erró el TPI al denegar a la parte demandada (esposos Vélez-Álvarez) la presentación de prueba pertinente, indispensable y esencial al caso, en particular, prueba sobre las operaciones históricas de la Asociación indicativa de que las condiciones restrictivas de construcción fueron abandonadas y están en desuso, privándola así de su derecho a un debido proceso de ley en su vertiente procesal en un caso civil, que debe permitir la evidencia pertinente y necesaria para sostener sus alegaciones y defensas, para así lograr el fin último del ordenamiento procesal que es la búsqueda de la verdad.

En cumplimiento con nuestra *Resolución,* notificada el 9 de junio de 2026 los Recurridos comparecieron mediante *Oposición a Expedición de Recurso de Certiorari.* Separadamente, la Asociación insta su correspondiente *Oposición a Petición de Certiorari.* Con el beneficio de las posturas de las partes, resolvemos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma

---

[1] Entrada Núm. 82, pág. 4 en el Sistema Unificado de Manejo y Administración de Casos del Poder Judicial (SUMAC TPI).

reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al

evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

Los Peticionarios solicitan nuestra intervención para que dejemos sin efecto la *Minuta-Resolución* mediante la cual, el TPI ordenó la continuación del juicio en su fondo sobre la procedencia del *injunction* permanente. Ello con el fin de requerir que la Asociación cite a todos sus pasados presidentes para que declaren sobre su conocimiento personal de las condiciones restrictivas.

A lo antes, los Recurridos se oponen y aseguran que el dictamen impugnado no es contrario a derecho. Reafirman lo que estableció el TPI en su pronunciamiento atinente a que, los

Peticionarios conocían que la Asociación identificó a la Sra. Rodríguez como su representante y testigo desde que le fue contestado el descubrimiento de prueba. Añaden que, los Peticionarios tenían la información necesaria para citar a cualquier otra persona que hubiese fungido como miembro de la Junta de Directores de la Asociación cuya comparecencia interesaran.

Análogamente, la Asociación expone en su escrito en oposición que, los Peticionarios tuvieron amplia oportunidad y conocimiento del alcance del testimonio de la Sra. Rodríguez, previo a argumentar que sus respuestas no le satisfacen. Describe como una carga completamente irrazonable e improcedente la solicitud de los Peticionarios de que la Asociación identifique un testigo idóneo que responda sus interrogantes a su plena satisfacción. Discute que, el deber de citación que emana de la Regla 40 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 40, lo obliga a designar a un representante con capacidad de declarar en su nombre, sin que ello le requiera que produzca a todas las personas que ocuparon cargos en la Asociación a lo largo del tiempo. Agrega que, el TPI no excluyó prueba, más bien, validó como apropiada la designación y citación de la Sra. Rodríguez como representante corporativa de la Asociación.

Evaluado el recurso de epígrafe y la *Moción en Auxilio de Jurisdicción* que la acompaña, al amparo de los criterios para la expedición del auto de *certiorari* de la Regla 40 del Reglamento de este Tribunal, *supra,* concluimos que el recurso no presenta un asunto que justifique nuestra intervención en esta etapa de un proceso ya avanzado del juicio en su fondo. A pesar de que este Tribunal revisor no está obligado a fundamentar su dictamen denegatorio, abundamos las razones para beneficio de las partes.

Tal cual expusimos en el tracto procesal, en la presente causa, ya culminó el descubrimiento de prueba y la controversia surgió luego de que el TPI ha celebrado cinco señalamientos del juicio en su fondo. Según el pronunciamiento recurrido, es durante la vista

de entredicho permanente que -por primera vez- los Peticionarios cuestionan el alcance del testimonio de la Sra. Rodríguez, a pesar de conocer sobre ese hecho desde la etapa del descubrimiento de prueba.

En consideración a lo antes, y luego de examinar sosegadamente el expediente ante nos, no hallamos indicio de que el foro recurrido actuó de forma arbitraria, caprichosa, que abusó al ejercer su discreción, o que cometió algún error de derecho con su proceder. Tampoco identificamos fundamentos jurídicos que nos persuadan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De conformidad, resolvemos no intervenir con la determinación recurrida, en esta etapa de los procesos.

**IV.**

Por los fundamentos expuestos, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *Certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones